IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

UNITED STATES OF AMERICA                              PLAINTIFF/RESPONDENT

        V.                      Case No. 2:13-CR-20009-PKH-MEF

ESTELLA CHAVEZ                                        DEFENDANT/PETITIONER

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Petitioner's Motion to Vacate Sentence Pursuant to 28 U.S.C. § 2255

filed October 20, 2014. (Doc. 51) The United States filed its Response on November 24, 2014. (Doc.

55)  Petitioner did not file any reply. The matter is ready for Report and Recommendation.

## I.  Background

On February 15, 2013, a Criminal Complaint was filed against Defendant/Petitioner, Estella

Chavez ("Chavez"), alleging that on or about February 13, 2013, Chavez was in possession of

methamphetamine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). (Doc. 1) Chavez

was arrested on February 15, 2013, and she made her initial appearance before the Hon. James R.

Marschewski on February 19, 2013. (Doc. 4) The Court appointed James B. Pierce ("Pierce"),

Assistant Federal Public Defender, to represent Chavez. (Doc. 6) Chavez waived the issues of

probable cause and detention, and she was ordered detained and remanded to the custody of the

United States Marshal's Service. (Doc. 7)

On March 6, 2013, Chavez was named in a three-count Indictment charging her with

conspiracy to distribute 50 grams or more of methamphetamine (Count One), one count of

distribution of methamphetamine (Count Two), and one count of aiding and abetting possession of

50 grams or more of a mixture or substance containing methamphetamine with the intent to

-1-

distribute (Count Three). (Doc. 14) Chavez appeared for arraignment with her appointed counsel on March 15, 2013, and she entered a not guilty plea to each count of the Indictment. (Doc. 19) Pierce filed a Notice of Request for Discovery (Doc. 23) on behalf of Chavez on the same date, done pursuant to the Court's Pretrial Scheduling Order. (Doc. 20) The government responded to Chavez's discovery request on March 18, 2013, and requested reciprocal discovery from Chavez. (Doc. 27)

On June 6, 2013, Chavez appeared with counsel before the Hon. P. K. Holmes, III, for a change of plea hearing. (Doc. 31) A written Plea Agreement was presented to the Court, and Chavez plead guilty to Count One of the Indictment charging her with conspiracy to distribute 50 grams or more of methamphetamine. (Doc. 31, 32) The Court tentatively approved the Plea Agreement and ordered a Presentence Investigation Report ("PSR"). (Doc. 31)

An Initial PSR was prepared by the United States Probation Office on August 2, 2013. On August 16, 2013, the government made one objection to the Initial PSR, stating that Paragraph 65 should note that in exchange for the plea of guilty the government agreed to dismiss Counts Two and Three, and the forfeiture allegation, of the Indictment. (Doc. 37) On August 19, 2013, Pierce submitted four objections to the Initial PSR on behalf of Chavez: (1) that the guns described in Paragraphs 35, 36, 40 and 46 found in the residence did not belong to Chavez but belonged to her Co-Defendant, Juan Carlos Murcia-Saldana; (2) that Chavez did not recall making the statement set forth in Paragraph 43, clarifying that she believed the first sentence should indicate she had been helping Carlos within the past year, and not for the past year; (3) that Chavez did not recall the convictions described in  Paragraphs 69 and 70, and she did not believe they relate to her; and, (4) regarding physical and mental health, she provided additional information that she had been diagnosed with hypertension, post-cholecystectomy migraine headaches, transient ischemic attack,

thyroid disease, sleep disorder/apnea, bipolar disorder NOS, depression, and anxiety disorder NOS. (Doc. 39)

On August 30, 2013, a Final PSR was submitted to the Court. (Doc. 43) U. S. Probation agreed with the government's one objection, and it revised Paragraph 65 of the PSR to reflect the impact of the Plea Agreement. (Doc. 43, p. 10; Doc. 43-1, p. 1) In response to Chavez's Objection Number One, U. S. Probation revised Paragraph 40 to replace the word *handgun* with the word *firearms*, and it indicated that Chavez advised officers that the firearms belonged to Murcia-Saldana. (Doc. 43, p. 7; Doc. 43-1, p. 1) U. S. Probation also revised Paragraph 43 as requested in Chavez's Objection Number Two. (Doc. 43, p. 8; Doc. 43-1, p. 1) In response to Chavez's Objection Number Three, U. S. Probation reported that it believed Chavez was convicted of the offenses mentioned; that information regarding the convictions were obtained and verified through court and police records; and, that copies of the records had been forwarded to counsel. (Doc. 43-1, p. 2) The additional information set forth in Chavez's Objection Number Four was included by U. S. Probation in the Final PSR. (Doc. 43, p. 15; Doc. 43-1, p. 2)

The Final PSR determined that Chavez was accountable for 217.5 grams of actual methamphetamine; and, as a result, Chavez's Base Offense Level was determined to be 34. (Doc. 43, ¶¶ 49, 55, pp. 8-9) This was increased 2 levels for specific offense characteristics, possession of a dangerous weapon (including a firearm) (Doc. 43, ¶¶ 34, 35, 49, 56, pp. 7-9), resulting in an Adjusted Offense Level of 36 (Doc. 43, ¶ 60, p. 9). After a three level reduction for acceptance of responsibility, Chavez's Total Offense Level was determined to be 33. (Doc. 43, ¶¶ 62-64, pp. 9-10). Chavez's criminal history resulted in a total criminal history score of 6, placing Chavez in Criminal History Category III. (Doc. 43, ¶¶ 71, 72, 74, pp. 11-12) The statutory range for the offense of

conviction called for a mandatory minimum of five years and a maximum of 40 years imprisonment. (Doc. 43, ¶ 100, p. 16) Chavez's advisory guideline range was determined to be 168 to 210 months imprisonment. (Doc. 43, ¶ 101, p. 16)

Chavez appeared for sentencing on September 26, 2013. (Doc. 45) The Court made inquiry that Chavez was satisfied with her counsel, final approval of the Plea Agreement was expressed, and the Court imposed a below-guidelines sentence of 97 months imprisonment, four years supervised release, no fine, and a $100.00 special assessment. (Doc. 45) Judgment was entered by the Court on September 27, 2013. (Doc. 47) The Court's Statement of Reasons set forth the Court's view that "the guidelines overstate the defendant's criminal history," and that "the defendant is relatively less culpable in the instant offense than her co-defendant, and a lower sentence is warranted to avoid unwarranted sentencing disparities." (Doc. 48, p. 3) Chavez did not pursue a direct appeal from the Judgment.

On October 20, 2014, Chavez filed her *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (the "Motion"). (Doc. 51) The Motion raises three grounds for relief, all being claims of ineffective assistance of counsel: (1) counsel was ineffective when he failed to present mitigating evidence at sentencing; (2) counsel was ineffective when he failed to investigate the case; and, (3) counsel was ineffective when he failed to communicate to the Petitioner. Regarding timeliness, Chavez states, "[t]his motion is timely filed." (Doc. 51, p. 10) At the conclusion of the Motion, and immediately above Chavez's signature, there appears a declaration under penalty of perjury, that "the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on . . . 9-16-14." (Doc. 51, p. 11)

-4-

The United States' Response to the Motion was filed on November 24, 2014. (Doc. 55) Chavez did not file any reply.

## II.  Discussion

"A prisoner in custody under sentence . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "If the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack, the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b). A thorough review of Chavez's Motion and the files and records of this case conclusively shows that Chavez is not entitled to relief, and the undersigned recommends the denial and dismissal of her Motion with prejudice without an evidentiary hearing.

### A.  Timeliness

A one year period of limitation applies to motions under 28 U.S.C. § 2255. This period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized

-5-

by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n. 2 (8th Cir. 2008). The Judgment in this case was entered on September 27, 2013. Had Chavez wished to file an appeal, she was required to do so within 14 days. *See* Fed. R. App. P. 4(b)(1)(A)(i). Chavez did not file an appeal, and her conviction thus became final on October 11, 2013. *See Murray v. United States*, 313 Fed. App'x 924 (8th Cir. 2009). From that date, Chavez had one year, or until October 11, 2014, to timely file her § 2255 habeas petition. Chavez's § 2255 Motion was filed on October 20, 2014, nine days after the limitations period expired. Because the Motion has been filed beyond the one year period of limitation, the government contends that the Motion should be dismissed, citing among other authority *Alsup v. United States*, No. 09-3266-CV-S-RED, 2010 WL 376990, at pp. 2-3, (W.D. Mo. Jan. 26, 2010) (unpublished), in which the government's motion to dismiss petitioner's § 2255 motion was granted where the motion was filed one day out of time.

Chavez may be relying on the so-called "prison mailbox rule" to establish that her § 2255 Motion was timely filed. Rule 3(d) of the Rules Governing Section 2255 Proceedings provides the following:

> "A paper filed by an inmate confined to an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with

> 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid."

It is Chavez's burden to show her entitlement to the benefit of the prison mailbox rule. *Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir. 2001). The government argues that the prison mailbox rule does not benefit Chavez for the reason that her declaration is incomplete in that it does not state "that first-class postage has been prepaid" as required by Rule 3(d). The Court agrees.

In *Porchia*, the petitioner did not attach an affidavit or notarized statement setting forth the date of deposit into the prison mail system and attesting that first-class postage has been prepaid. The Court ruled that in the absence of such declaration "the record is bereft of information that supports Porchia's entitlement to the benefit of the prisoner mailbox rule." *Id*. A similar ruling was made in *United States v. Frook*, No. 4:05-CR-677 CAS, 2008 WL 5110596, at p. 2 (E.D. MO. Dec. 3, 2008). Here, the declaration signed by Chavez states the date the Motion was deposited in the prison mail system, but it does not state, as Rule 3(d) plainly requires, that first class postage has been prepaid. The failure to put sufficient first-class postage on the mailing could certainly explain the delay from the date the Motion was purportedly deposited into the prison mail system on September 16, 2014 and the date it was eventually received and filed in the Clerk's office over a month later on October 20, 2014. As in the authorities mentioned above, due to the deficiency in Chavez's declaration, Chavez has failed to show that she is entitled to the benefit of the prison mailbox rule.

"Foreclosing litigants from bringing their claim because they missed the filing deadline by one day [or here, nine days] may seem harsh, but courts have to draw lines somewhere, statutes of limitation protect important social interests (internal citation omitted), and limitation periods work both ways - you can be sure [Chavez] would not be pooh-poohing the prosecution's tardiness if [she]

-7-

had been indicted one day after the statute of limitations expired for [her] crimes." *See United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000).

Accordingly, unless either statutory or equitable tolling applies, Chavez's § 2255 Motion was not timely filed and should be dismissed.

### 1.  Statutory Tolling

The one year period within which to file a § 2255 motion may, in an appropriate case, begin on the date on which an impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or, from the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f)(2-4). Chavez's § 2255 Motion sets forth nothing in support of any of these grounds to extend the one year limitations period; she merely states in conclusory fashion that "[t]he motion is timely filed."

Chavez alleges no facts that the government impeded or prevented her in any way from timely filing her § 2255 Motion. Chavez alleges no right newly recognized by the United States Supreme Court made retroactively applicable to cases on collateral review that supports an extension of time to file her § 2255 Motion. Nor does Chavez allege that she recently discovered new facts supporting her claims, or, that the factual predicates for her claims could not have been discovered through the exercise of due diligence within the limitations period. Consequently, there is no factual basis to find that any of the § 2255(f) statutory provisions for extending the one year period to file

beyond when the date of conviction becomes final apply to this case. Unless equitable tolling applies, Chavez's § 2255 Motion was not timely filed and should be dismissed.

### 2. Equitable Tolling

The Eighth Circuit has recognized that the doctrine of equitable tolling is available to a § 2255 movant, but only "under limited conditions, for example, where extraordinary circumstances beyond a prisoner's control prevent the timely filing." *See Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *United States v. Martin*, 408 F.3d 1089, 1092 (8th Cir. 2005). The use of equitable procedures should be infrequent, *see Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002), and will not be applied if the habeas movant has not diligently pursued his rights, *see Finch v. Miller*, 491 F.3d 424, 427 (8th Cir. 2007). "Equitable tolling is an exceedingly narrow window of relief." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005).

In the present case, Chavez has not argued that any extenuating circumstances beyond her control prevented a timely filing, nor has she even relied on the doctrine of equitable tolling. Chavez does not claim that anything the government has done made it impossible or difficult for her to uncover the facts that she now asserts in support of her claims. She does not allege that some action of the government lulled her into inaction. She does not refer to any extraordinary circumstances, attributable to the government or to any other cause, that prevented her, in the exercise of reasonable diligence, from discovering the facts upon which her claims are based soon enough to enable her to bring a timely habeas petition. In sum, Chavez does not claim that any wrongdoing on the part of the government prevented her from filing a timely petition, nor does she show why she did not assert her claim within the one-year statute of limitations.

Chavez's only position is her statement that the filing was timely. As discussed above,

-9-

Chavez's § 2255 Motion was not timely filed, and she has not shown that she is entitled to the benefit of either the prison mail rule or statutory tolling.

Moreover, Chavez has not exercised due diligence in the pursuit of her rights. She pursued no direct appeal, and while she correctly states that claims of ineffective assistance of counsel are properly brought in a § 2255 proceeding and not a direct appeal, she has alleged no facts that would support a delay in bringing her claims. Chavez has not alleged, for example, that she was in any way misled by her counsel or the government into her incorrect belief regarding the applicable limitations period or the timeliness of filing her § 2255 Motion.

Chavez's failure to timely file her § 2255 Motion is her fault alone. Chavez has failed to allege and establish any factual basis for fitting within the "exceedingly narrow window of relief" equitable tolling provides, and her § 2255 Motion should be dismissed as untimely.

### B. Ineffective Assistance of Counsel Claims

Even if the Court were to address the merits of Chavez's ineffective assistance of counsel claims, Chavez has provided insufficient factual support for the claims, and they are all subject to summary dismissal for the reasons discussed below.

To prove a claim of ineffective assistance of counsel, Chavez must demonstrate both that counsel's performance was deficient and that counsel's deficient performance prejudiced her defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the deficient performance prong of the *Strickland* test, one must show that counsel's representation fell below the "range of competence demanded of attorneys in criminal cases." *Id*. at 688. Review of counsel's performance is deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id*. at 689. To establish the prejudice prong of the *Strickland*

-10-

test, one must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

### 1.  Validity of Chavez's Guilty Plea

Chavez plead guilty to the offense of conviction. When a guilty plea is entered by the movant, the focus of a collateral attack must remain limited to the nature of counsel's advice and the voluntariness of the guilty plea. *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984), *citing Tollett v. Henderson*, 411 U.S. 258, 266 (1973). As the Court in *Tollett* so eloquently observed:

> ". . . a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. *He may only attack the voluntary and intelligent character of the guilty plea* by showing that the advise he received from counsel was not within the standards set forth in *McMann*[1].
>
> A guilty plea, voluntarily and intelligently entered, may not be vacated because the defendant was not advised of every conceivable constitutional plea in abatement he might have to the charge . . . And just as it is not sufficient for the criminal defendant seeking to set aside such a plea to show that his counsel in retrospect may not have correctly appraised the constitutional significance of certain historical facts, (internal citation omitted) it is likewise not sufficient that he show that if counsel had pursued a certain factual inquiry such a pursuit would have uncovered a possible constitutional infirmity in the proceedings." *Id*. at 267. (Emphasis added.)

The rationale and ruling of *Tollett*, while a decision concerning a state prisoner's habeas claims, has been adopted by the Eighth Circuit for application to motions made by federal prisoners

---

[1] *McMann v. Richardson*, 397 U.S. 759, 771 (1970) (If a prisoner pleads guilty on the advice of counsel, he must demonstrate that the advice was not "within the range of competence demanded of attorneys in criminal cases.")

under 28 U.S.C. § 2255. *See Bass*, 739 F.2d at 406.

The standard for determining the validity of a guilty plea remains whether it "represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970), *citing Boykin v. Alabama*, 395 U.S. 238, 242 (1969), *Machibroda v. United States*, 368 U.S. 487, 493 (1962), and *Kercheval v. United States*, 274 U.S. 220, 223 (1927). "While a guilty plea taken in open court is not invulnerable to collateral attack in a post conviction proceeding, the defendant's representations during the plea-taking carry a strong presumption of verity and pose a 'formidable barrier in any subsequent collateral proceedings.'" *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). A defendant has a heavy burden to overcome those admissions and show that his guilty plea was involuntary. *See Blackledge v. Allison*, 431 U.S. 63, 72-74 (1977).

In the present case, Chavez was represented by experienced counsel, James W. Pierce, an Assistant Federal Public Defender, throughout the criminal proceedings leading to and including the change of plea hearing. Prior to the change of plea hearing, Pierce had represented Chavez at two arraignments (Docs. 4, 19); he had prepared and filed an appropriate notice of discovery request pursuant to the Court's Pretrial Scheduling Order (Doc. 23); and, he had negotiated a written Plea Agreement with the Assistant United States Attorney prosecuting the case. Pierce carefully reviewed the Plea Agreement with Chavez before obtaining Chavez's signature on it (Doc. 32, ¶ 21). The Plea Agreement informed Chavez of the count of conviction, being Count One of the Indictment (charging Chavez with conspiracy to distribute more than 50 grams of methamphetamine in violation of 21 U.S.C. § 846), and the counts to be dismissed. (Doc. 32, ¶ 1) Chavez acknowledged that she had fully discussed with her counsel the facts of the case and the elements of the crime to which she

-12-

was pleading guilty; she agreed that she had committed each of the elements of the crime to which she was pleading guilty; and, she admitted the factual basis for the plea. (Doc. 32, ¶ 2) The Plea Agreement advised Chavez of her constitutional and statutory rights, including the right to persist in her plea of not guilty. (Doc. 32, ¶ 3) By signing the Plea Agreement, Chavez acknowledged that she had read the agreement and had carefully reviewed every part of it with her counsel; that she fully understood the Plea Agreement and was not under the influence of anything that could impede her ability to fully understand it; that no promises, agreements, understandings, or conditions had been made or entered into in connection with the decision to plead guilty except those set forth in the Plea Agreement; that she was satisfied with the legal services provided by her defense counsel in connection with the Plea Agreement and matters related to it; and, that she entered into the Plea Agreement freely, voluntarily, and without reservation, and that her desire to enter a plea of guilty was not the result of any threats or coercion. (Doc. 32, ¶ 20)

During the change of plea hearing on June 6, 2013, Chavez was sworn on oath and examined about the offense; the Court inquired of Chavez about her age and level of education; inquiry was made as to whether Chavez was under the influence of alcohol or drugs, and whether Chavez was able to comprehend the proceedings; inquiry was made as to whether Chavez was satisfied with her counsel; the possible severity of sentence was explained, as well as Chavez's constitutional and statutory rights; and, upon such inquiry in open court, the Court determined that Chavez's guilty plea to Count One of the Indictment was voluntary and intelligent, and that there was a factual basis to support the guilty plea. (Doc. 31)

Chavez does not specifically allege in her § 2255 Motion that her claims of ineffective assistance of counsel rendered her guilty plea involuntary, unintelligent, and invalid; but, instead,

-13-

she vaguely claims in Ground Three that her counsel's failure to communicate with her "led [her] to sign the plea agreement without properly communicating her concerns to the counsel." (Doc. 51, p. 7) As noted just above, she acknowledged in the Plea Agreement, which she signed, that she had fully discussed the facts of the case with defense counsel; that she had read the agreement and had carefully reviewed "every part of it" with defense counsel; and, that she was satisfied with the legal services provided by defense counsel "in connection with the Plea Agreement and matters related to it." (Doc. 32, ¶¶ 2, 20) Chavez fails to set forth in her § 2255 Motion any specific allegations or offer any details to support her claim that counsel failed to adequately communicate with her to address her concerns regarding the Plea Agreement. She does not allege, for example, that her counsel never (or rarely) came to see her to discuss her case, nor that her counsel failed to review and discuss the Plea Agreement with her. Though a § 2255 motion is to be liberally construed, the petition *must assert facts* regarding counsel's performance. *Saunders v. United States*, 236 F.3d 950, 952-53 (8th Cir. 2001). Chavez simply does not assert any facts regarding the alleged lack of communication by her counsel, what her specific concerns were, nor why she could not communicate those concerns to her counsel. Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255. *Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir. 1986). *See also: Blackledge v. Allison*, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977) (solemn declarations in open court carry a strong presumption of verity; subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal); *Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal); *Bryson v. United States*, 268 F.3d 560, 562 (8th Cir. 2001) (brief, conclusory allegations that failed to cite to the record insufficient to support claims of ineffective

-14-

assistance of counsel). To the extent that Chavez's § 2255 Motion does not specifically challenge the voluntary and intelligent character of her guilty plea, it is plainly deficient and subject to dismissal.

Since Chavez has failed to show that her counsel's performance was deficient regarding this issue, there is no need to address the second *Strickland* prong of prejudice. *See United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003) (if a movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim). Even so, Chavez has not asserted that but for her counsel's allegedly deficient performance in failing to communicate with her about her concerns regarding the Plea Agreement that she would not have pleaded guilty and would have insisted on going to trial; therefore, she has not met the prejudice requirement where a guilty plea is challenged. *See Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985) (where a guilty plea is challenged under the second prong of the *Strickland* test the "defendant must show that . . . he would not have pleaded guilty and would have insisted on going to trial).

### 2. Failure to Present Mitigating Evidence at Sentencing

Chavez argues in Ground One of her § 2255 Motion that her counsel was ineffective "when he failed to present mitigating evidence at sentencing." (Doc. 51, p. 4) For the supporting facts, Chavez merely alleges that "[e]vidence exists that if presented at sentencing would have mitigated the petitioner's culpability at sentencing." (Doc. 51, p. 4) The argument is conclusory, contrary to the record, and lacks merit.

As mentioned above, vague and conclusory allegations are insufficient to state a ground for relief under 28 U.S.C. § 2255. *Hollis*, 796 F.2d at 1046; *Blackledge*, 431 U.S. at 74; *Smith*, 677 F.2d at 41; *Bryson*, 268 F.3d at 562. Even *pro se* litigants must state specific facts in support of their

claims regarding counsel's allegedly deficient performance. *Saunders*, 236 F.3d at 952-53. Chavez does not. She completely fails to specify *what* evidence existed that if presented at sentencing would have mitigated her culpability.

Defense counsel did, in fact, take measures to present Chavez as less culpable than her Co-Defendant, and his efforts were successful. Defense counsel, in objections to the Initial PSR, argued that the guns found in the residence did not belong to Chavez but belonged to her Co-Defendant; that while Chavez had been helping her Co-Defendant *within* the past year, she had not done so *for* the past year; and, he provided additional information concerning medical conditions that Chavez had been diagnosed with. (Doc. 39) These objections resulted in revisions made to the Final PSR. (Doc. 43, pp. 7-8, 15; Doc. 43-1, pp. 1-2) Such efforts by counsel certainly cannot be said to fall below the "range of competence demanded of attorneys in criminal cases." *Strickland*, 466 U.S. at 688.

Although the advisory guideline range was 168 to 210 months imprisonment, the Court imposed a below-guidelines sentence of 97 months imprisonment. (Doc. 45) The Court's Statement of Reasons sets forth the Court's view that "the guidelines overstate the defendant's criminal history," and "the defendant is relatively less culpable in the instant offense than her co-defendant, and a lower sentence is warranted to avoid unwarranted sentencing disparities." (Doc. 48, p. 3) Considering the result, it cannot be said that any deficiency by defense counsel in failing to present mitigating evidence at sentencing was prejudicial to Chavez. Therefore, Chavez's claim fails as she has not demonstrated "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been any different." *Strickland*, 466 U.S. at 694.

### 3. Failure to Investigate

Chavez also argues, in Ground Two of her § 2255 Motion, that her counsel was ineffective

"when he failed to investigate the case." (Doc. 51, p. 5) Chavez alleges that "[c]ounsel did not properly investigate the case and accepted the district attorney's allegation carte blanche," and "[h]ad counsel properly investigated the case, there exists evidence that would have mitigated the petitioner's sentencing." (Doc. 51, p. 4) This is, in essence, a re-statement of her claim in Ground One, and it too is conclusory, contrary to the record, and lacks merit.

Chavez does not specifically allege what defense counsel failed to investigate in her case. As with her other grounds discussed above, this claim also presents no factual support whatsoever and is subject to summary dismissal. *Hollis*, 796 F.2d at 1046; *Blackledge*, 431 U.S. at 74; *Smith*, 677 F.2d at 41; *Bryson*, 268 F.3d at 562; *Saunders*, 236 F.3d at 952-53.

It has already been discussed that Chavez acknowledged in her Plea Agreement and at the change of plea hearing that she had fully discussed the facts of the case with defense counsel; that she had read the Plea Agreement and had carefully reviewed "every part of it" with defense counsel; and, that she was satisfied with the legal services provided by defense counsel "in connection with the Plea Agreement and matters related to it." (Doc. 32, ¶¶ 2, 20; Doc. 31) She further acknowledged that she entered into the Plea Agreement freely, voluntarily, and without reservation, and that her desire to enter a plea of guilty was not the result of any threats or coercion. (Doc. 32, ¶ 20) Upon inquiry during the change of plea hearing, the Court found that Chavez's guilty plea to Count One of the Indictment was voluntary and intelligent, and that there was a factual basis to support the guilty plea. (Doc. 31) Nothing asserted in her § 2255 Motion specifically challenges the nature of counsel's advice or the voluntariness of her guilty plea, and her claim is thus precluded. *Bass*, 739 F.2d at 406; *Tollett*, 411 U.S. at 267.

Moreover, as the government appropriately points out, without knowing in what manner

counsel failed to investigate Chavez's case, she is unable to show prejudice because the Court cannot possibly determine the impact of that purported insufficiency on the outcome of her case.

### C. No Evidentiary Hearing Is Warranted

A movant is not entitled to an evidentiary hearing on a § 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (1997), quoting from *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985). Such are the circumstances in this case where Chavez has alleged virtually no facts to support her claims. Accordingly, the undersigned recommends the summary dismissal of Chavez's § 2255 Motion without an evidentiary hearing.

### III. Conclusion

For the reasons and upon the authorities discussed above, Chavez's claims are, first, untimely, and second, vague, conclusory, and unsupported by the record in this case. I recommend that Chavez's Motion, filed under 28 U.S.C. § 2255, be **DISMISSED with PREJUDICE**.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of June, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE

-18-